AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

LODGED
CLERK, U.S. DISTRICT COURT
2/18/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: ___eva___ DEPUTY

FILED
Feb 18, 2021
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY ___Nancy Boehme___
Deputy Clerk, U.S. District Court

United States of America

v.

CHRISTIAN MICHAEL RINER,

Defendant.

Case No.   8:21-mj-00110-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of February 13, 2021 in the county of Orange in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(9) | Domestic Violence Offender in Possession of Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

_____
Ryan McDuffy
Complainant's signature

Ryan McDuffy, Task Force Officer
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:   February 18, 2021

**DOUGLAS F. McCORMICK**
Judge's signature

City and state:   Santa Ana, California

Hon. Douglas F. McCormick, US Magistrate Judge
Printed name and title

AUSA: Daniel Ahn (714-338-3539)

**AFFIDAVIT**

I, Ryan McDuffy, being duly sworn, declare and state as follows:

## I. INTRODUCTION

1. I am a Detective with the Brea Police Department ("BPD") and also a federally deputized Task Force Officer ("TFO") presently working with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). As a TFO with the ATF, I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 3051, and I am empowered by law to conduct investigations and make arrests for offenses against the United States.

2. I am assigned to the ATF Orange County Violent Crime Task Force ("OCVCTF"). The OCVCTF is responsible for, among other things, investigating violations of federal law involving criminal street gangs, possession of firearms by prohibited persons, possession of stolen firearms, possession of machineguns, the illegal distribution of firearms and narcotics, and burglaries and violent crime to include robberies. Prior to this assignment with the ATF, I was a BPD Police Officer and have been so employed for approximately three years.

3. I have specialized training and experience in investigations of narcotics trafficking and criminal street gangs. During my tenure as a Police Officer, as well as an ATF TFO, I have conducted and participated in numerous investigations of criminal activity, including, but not limited to, robberies. Since joining the OCVCTF in 2018, I have

1

specialized in investigations of robberies, firearms violations, drug trafficking, and gang activity.  I have participated in the execution of numerous federal and state arrest and search warrants during my career.

## II. PURPOSE OF AFFIDAVIT

4. This affidavit is made in support of a criminal complaint and arrest warrant for Christian Michael RINER ("RINER") for a violation of 18 U.S.C. § 922(g)(9) (Domestic Violence Offender in Possession of Ammunition).

5. The facts set forth in this affidavit are based upon information obtained from other law enforcement personnel, my personal knowledge, and my training and experience.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and warrant, and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## III. STATEMENT OF PROBABLE CAUSE

6. Based on my review of a February 13, 2021 report prepared by BPD Officer W. Huang, as well as a discussion of the case with Officer Huang, I have learned the following facts:

**A.    Arrest of RINER**

7. On February 13, 2021, Officer Huang was assigned to uniform patrol in the City of Brea.  At the time of the incident Officer Huang was driving a marked black and white BPD police vehicle.  At approximately 11:10 a.m., Officer Huang observed a

2005 Toyota Matrix bear California license plate # 8EJS291, parked in the second level of the public city-owned Orange Street Parking Structure located at 235 S. Orange Avenue. The vehicle was backed into a parking stall with a front windshield sun shade. Officer Huang found this suspicious due the vehicle being parked in a covered parking structure where no sun was shining. Officer Huang conducted a DMV record check of the vehicle's registration and discovered the vehicle was registered to RINER. Additionally, Officer Huang discovered RINER had an active bench warrant out of Orange County (14HM05246). Officer Huang then reviewed a DMV photo of RINER.

8. BPD Officer Luera arrived on scene to assist with the investigation. Officer Huang approached the vehicle and observed RINER sleeping inside the rear hatch back of the vehicle, near the passenger side. RINER had the rear passenger seats folded down and was sleeping on top of an inflatable mattress with an assortment of clothes, including a thick green jacket just to the left of him. Additionally, he had more clothes, bags, and other personal items. Based on these observations, Officer Huang concluded RINER was living out of the vehicle.

9. Officer Huang contacted RINER who verbally identified himself as "Christian RINER" (Officer Huang later confirmed the accuracy of the name given through law enforcement databases). Officer Huang informed RINER he had an outstanding warrant (confirmed by Brea Police Dispatch) and had RINER exit the

vehicle. Officer Huang informed RINER he was being placed under arrest for the warrant.

10. The vehicle was going to be left parked and unattended in a parking structure that has been known to have numerous vehicle burglaries. RINER stated he lived out of his vehicle and had numerous personal possessions inside in plain view. Based on this information, Officer Luera towed the vehicle per California Vehicle Code § 22651(h)(1) for safekeeping.

11. Prior to towing the vehicle, RINER asked Officer Luera to retrieve a pair of shoes, his cell phone, and his wallet. RINER stated his cell phone was in the back of the vehicle on top of a jacket. RINER was unsure of where his wallet was located inside the vehicle. Officer Luera retrieved RINER's cell phone and his shoes. RINER's cell phone was sitting on top of a green jacket and his shoes were sitting next to the jacket. Officer Luera moved the green jacket on which the cell phone was found in an attempt to locate RINER's wallet. Officer Luera noticed the jacket was unusually heavy and checked its pockets for the wallet. In the left pocket, Officer Luera located a homemade manufactured polymer semi-automatic pistol with no serial number loaded with ten 9mm rounds of ammunition. In the right pocket Officer Luera located RINER's wallet. The wallet had RINER's California driver's license inside.

12. Officer Luera and Officer Huang began conducting an inventory of the vehicle prior to towing it. During the inventory of the vehicle, Officer Luera advised Officer Huang he located an unloaded homemade AR-15 style semi-automatic rifle

4

with no serial number inside a guitar case. At this point, Officer Huang placed RINER to the back of the police vehicle. While Officer Huang was putting RINER in the rear seat of the police vehicle, RINER made a spontaneous statement, "Am I going to get in trouble for that stuff?" while looking towards the found firearms. Additionally, Officer Huang located 9 boxes of 50 rounds of 9mm ammunition in a light green reusable shopping bag underneath the guitar case.

13. Following the inventory of the vehicle, the vehicle was stored at Brea Tow located in Brea CA. BPD Officer Christner arrived on scene and transported RINER to the BPD Jail.

### B. Interview of RINER

14. At the BPD Jail, Officer Huang conducted a follow-up interview with RINER. Before questioning RINER, Officer Huang read to him his Miranda rights verbatim from his department issued Miranda card. RINER stated he understood his rights.

15. As Officer Huang began asking RINER questions, he said, "I don't want to talk anymore." Officer Huang did not ask him any further questions.

### C. RINER's Criminal History

16. Based on my review of law enforcement records documenting RINER's prior criminal convictions, I have learned that RINER was convicted of the following felony and misdemeanor offenses on or about the dates specified below:

   a. On August 29, 2012, for possession of a controlled substance, in violation of Health & Safety Code § 11350(a), a felony, in Ventura County Superior Court, Case No.

2011044010, for which he was sentenced to 36 months' probation; and

      b.   On August 6, 2015, for ~~inflict corporal injury in violation of California Penal Code § 273.5(a), and~~ battery in violation of California Penal Code § 243(e)(1), in Los Angeles County Superior Court, Case No. 5PY03182-01, for which he was sentenced to 73 days in jail and 36 months' probation.

    **D.**   **Interstate Nexus**

    17.   On February 16, 2021, I contacted ATF SA Alexander Liwienski, who is a firearms nexus expert.  SA Liwienski informed me that based on his knowledge, the CBC 9mm ammunition was manufactured in Brazil.

### IV. CONCLUSION

    18.   For the reasons described above, there is probable cause to believe that RINER has committed a violation of Title 18, United States Code, Section 922(g)(9) (Domestic Violence Offender in Possession of Ammunition).

Attested to by the applicant
in accordance with the
requirements of Fed. R. Crim.
P. 4.1 by telephone on this
<u>18th</u> day of February, 2021.

    <u>**DOUGLAS F. McCORMICK**</u>
HONORABLE DOUGLAS F. MCCORMICK
UNITED STATES MAGISTRATE JUDGE